Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOLD VALUE INTERNATIONAL TEXTILE, INC., a California Corporation, doing business as "FIESTA FABRIC",<br><br>Plaintiff,<br><br>v.<br><br>SHEWIN INC., a Colorado corporation doing business as "Shewin"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Plaintiff GOLD VALUE INTERNATIONAL TEXTILE, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. This Court has personal jurisdiction over Defendant SHEWIN INC. ("SHEWIN") because SHEWIN purposefully directed the infringing conduct alleged herein at California and this District, and Fiesta's claims arise out of and relate to that conduct. Fiesta is informed and believes and thereon alleges that SHEWIN owns and operates the interactive commercial website www.shewin.com, through which SHEWIN markets, offers for sale, accepts orders and payment for, and sells garments, including the Offending Products, to consumers in California and this District as part of the regular course of its business, and ships those garments to addresses in California and this District.

4. Fiesta is further informed and believes and thereon alleges that SHEWIN sells a substantial volume of goods to California residents and sources, purchases, and/or imports garments and fabric from manufacturers, vendors, and wholesalers located in Los Angeles, California. Fiesta, which is headquartered in this District, has suffered the harm caused by SHEWIN's infringement here.

5. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District, including SHEWIN's sale and shipment of the Offending Products to customers in this District and the resulting injury to Fiesta, which is headquartered here, and because SHEWIN is subject to personal jurisdiction in this District and therefore may be found here.

## PARTIES

6. Plaintiff Gold Value Int'l Textile, Inc. d/b/a "FIESTA FABRIC" ("Fiesta" or "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles, California. Fiesta is in

the business of creating original two-dimensional print designs and selling fabric bearing those designs to garment manufacturers, vendors, and retailers.

7. Plaintiff is informed and believes and thereon alleges that Defendant SHEWIN INC., ("SHEWIN") is a Colorado corporation with a principal place of business at 1942 Broadway Ste 314C, Boulder, CO 80302 and is doing business in and with the State of California and this District.

8. Fiesta is informed and believes and thereon alleges that SHEWIN is an apparel company that sources, imports, markets, and sells garments under the Shewin name through www.shewin.com, through third-party online marketplaces and retailers, and through wholesale and dropshipping arrangements with independent retailers. Fiesta is further informed and believes and thereon alleges that SHEWIN selects, approves, and controls the print designs that appear on the garments it sells, and that SHEWIN either manufactures those garments itself or has them manufactured to its specifications by third-party factories and vendors.

9. Fiesta is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive (together with SHEWIN, "Defendants"), are parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained. Fiesta is informed and believes and thereon alleges that DOES 1 through 10 include the manufacturers, printing mills, converters, and vendors that printed fabric bearing the Subject Designs and manufactured the Offending Products for SHEWIN, and the retailers, marketplace sellers, and dropshipping partners to which SHEWIN supplied the Offending Products for resale.

10. Fiesta is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Fiesta's rights and the damages to Fiesta proximately caused thereby.

**CLAIMS RELATED TO DESIGN 190518E**

11. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Fiesta's Internal Design Number 190518E ("Subject Design A"). This artwork was created by Fiesta and/or Fiesta's in-house design team as a work made for hire, and is, and at all relevant times was, owned exclusively by Fiesta.

12. Fiesta owns a valid and subsisting United States Copyright Registration covering Subject Design A, which the U.S. Copyright Office issued before Fiesta commenced this action.

13. Since 2019, Fiesta has sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

14. Following this distribution of product bearing Subject Design A, Fiesta's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design A and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design A, including to customers in California and this District.

15. Fiesta is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design A, the Defendants, and certain DOE

Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing unauthorized reproductions of Subject Design A ("Offending Product A"), including to customers in California and this District.

16. Fiesta is informed and believes and thereon alleges that Defendants sold Offending Product A to the public, including to customers in California and this District, on the website www.shewin.com and through third-party retailers and online marketplaces supplied by SHEWIN.

17. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Fiesta's rights and/or in blatant disregard for Fiesta's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

18. Non-exclusive comparisons of Subject Design A and exemplars of Offending Product A is shown below:

<table>
<tr><th>Subject Design A</th><th>Offending Product A</th></tr>
<tr><td>190518E<br><br>Detail<br></td><td>LC614784-1<br><br>Detail<br></td></tr>
</table>

| **Subject Design A** | **Offending Product A** |
| --- | --- |
|   |   |

19. The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar, if not strikingly similar.

20. Specifically, Offending Product A copies the protectable expression in Subject Design A, including: (a) the same stylized, irregular open rosettes and solid spots, rendered with the same broken outlines and watercolor-style fill; (b) the same mix of motif sizes, from large open rosettes to small scattered spots; (c) the same tossed, overlapping cluster arrangement in which darker rosettes are layered over lighter spots; (d) the same scale and density of motifs relative to the ground; and (e) the same combination of gray and charcoal outlines with blush, cream, and neutral fills. The differences between the works, such as the lighter ground color of Offending

Product A, are minor recolorings that do not change the copied composition. An ordinary observer would regard the aesthetic appeal of the two works as the same.

21. The similarities between Subject Design A and Offending Product A extend to arbitrary details of motif shape, placement, and layering, and are so extensive that they cannot be explained by coincidence, independent creation, or reliance on a common source in the public domain.

**CLAIMS RELATED TO DESIGN A100659**

22. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Fiesta's Internal Design Number A100659 ("Subject Design B") (collectively with Subject Design A, the "Subject Designs"). This artwork was created by Fiesta and/or Fiesta's in-house design team as a work made for hire, and is, and at all relevant times was, owned exclusively by Fiesta.

23. Fiesta owns a valid and subsisting United States Copyright Registration covering Subject Design B, which the U.S. Copyright Office issued before Fiesta commenced this action. Fiesta has therefore satisfied the registration requirement of 17 U.S.C. § 411(a).

24. Since 2015, Fiesta has sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

25. Following this distribution of product bearing Subject Design B, Fiesta's investigation revealed that certain entities within the fashion and apparel industries had misappropriated Subject Design B and were selling fabric and garments bearing illegal reproductions and derivations of Subject Design B, including to customers in California and this District.

26. Fiesta is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design B, the Defendants, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or

distributed fabric and/or garments comprised of fabric bearing unauthorized reproductions of Subject Design B ("Offending Product B") (collectively with Offending Product A, the "Offending Products"), including to customers in California and this District.

27. Fiesta is informed and believes and thereon alleges that Defendants sold Offending Product B to the public, including to customers in California and this District, on the website www.shewin.com and through third-party retailers and online marketplaces supplied by SHEWIN.

28. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Fiesta's rights and/or in blatant disregard for Fiesta's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

29. Non-exclusive comparisons of Subject Design B and exemplars of Offending Product B is shown below:

| Subject Design B | Offending Product B |
|---|---|
| A100659<br> |  |
| Detail<br> | Detail<br> |

| Subject Design B | Offending Product B |
| --- | --- |
|  |  |

30. The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially similar, if not strikingly similar.

31. Specifically, Offending Product B copies the protectable expression in Subject Design B, including: (a) the same painterly open roses with dark centers and layered petals; (b) the same gray-green foliage and small sprigs interspersed among the blooms; (c) the same grouping of blooms and leaves into loose bouquet clusters of varying size and orientation; (d) the same tossed arrangement of those clusters on a cream ground with comparable negative space; and (e) the same scale of motifs relative to the ground. Any differences, such as the somewhat deeper rose and pink tones in Offending Product B, are minor recolorings that do not change the copied composition. An ordinary observer would regard the aesthetic appeal of the two works as the same.

32. The similarities between Subject Design B and Offending Product B extend to arbitrary details of bloom rendering, foliage placement, and cluster arrangement, and are so extensive that they cannot be explained by coincidence, independent creation, or reliance on a common source in the public domain.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

33. Fiesta repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

34. Fiesta owns valid copyrights in the Subject Designs and holds the exclusive rights under 17 U.S.C. § 106 to reproduce the Subject Designs, to prepare derivative works based on them, to distribute copies of them, and to display them publicly. Fiesta has never licensed or otherwise authorized any Defendant to exercise any of those rights.

35. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs including, without limitation, through (a) access to Fiesta's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or Doe Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Fiesta's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Designs by Fiesta for its customers.

36. Fiesta is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Fiesta is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with SHEWIN and with the retailers, online marketplaces, and resellers through which the Offending Products were sold, and supplied garments to SHEWIN and said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were illegal derivations or modifications thereof.

37. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, infringed Fiesta's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments to customers in California and this District which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites, and by publicly displaying images of the Offending Products on www.shewin.com and elsewhere online.

38. Defendants' infringement is ongoing. Fiesta is informed and believes and thereon alleges that Defendants continue to offer, sell, and display the Offending Products, including after receiving notice of Fiesta's claims, and will continue to do so unless enjoined by this Court.

39. Due to Defendants' acts of infringement, Fiesta has suffered substantial damages to its business in an amount to be established at trial.

40. Due to Defendants' acts of infringement, Fiesta has suffered general and special damages in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Fiesta is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Fiesta's rights in the Subject Designs in an amount to be established at trial.

42. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00)

per infringement. Within the time permitted by law, Fiesta will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

(For Contributory Copyright Infringement - Against All Defendants)

43. Fiesta hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

44. On information and belief, Fiesta alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Designs, and/or selling such derivative works and products and that Defendants knew, or should have known, were not authorized to be published by Defendants.

45. Specifically, Fiesta is informed and believes and thereon alleges that SHEWIN supplied the Subject Designs, or artwork copied from them, to DOE manufacturers, printing mills, and vendors and directed them to print fabric and manufacture garments bearing that artwork; reviewed and approved strike-offs, samples, and specifications for the Offending Products; and placed purchase orders for the Offending Products. Those DOE Defendants directly infringed Fiesta's copyrights by reproducing the Subject Designs on fabric and garments and distributing them, and SHEWIN induced, caused, and materially contributed to that infringement.

46. Fiesta is further informed and believes and thereon alleges that SHEWIN supplied the Offending Products, together with product images and listing content depicting the Subject Designs, to third-party retailers, online marketplace sellers, and dropshipping partners, which reproduced, publicly displayed, offered for sale, and distributed the Offending Products. Those third parties directly infringed Fiesta's copyrights, and SHEWIN knowingly induced, caused, and materially contributed to

that infringement by providing the infringing goods, the images used to sell them, and the means to distribute them.

47. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Offending Products. Among other things, SHEWIN selected the prints for, ordered, approved, and marketed the Offending Products, and the Offending Products so closely copy the Subject Designs that SHEWIN knew or had reason to know they were copied.

48. Fiesta alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Fiesta's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

49. By reason of Defendants' acts of contributory infringement as alleged above, Fiesta has suffered damages in an amount to be established at trial.

50. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Fiesta's rights in the Subject Designs. As such, Fiesta is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Designs, in an amount to be established at trial.

51. Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Fiesta will make its election between actual damages and statutory damages.

**THIRD CLAIM FOR RELIEF**

(For Vicarious Copyright Infringement - Against All Defendants)

52. Fiesta repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

53. On information and belief, Fiesta alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Offending Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Offending Products.

54. Fiesta is informed and believes and thereon alleges that SHEWIN had the legal right and practical ability to stop or limit the direct infringement of its DOE manufacturers, printing mills, and vendors, and of the retailers, marketplace sellers, and dropshipping partners that resold the Offending Products. SHEWIN selected and approved the prints used on the garments it ordered, set product specifications, approved samples before production, and decided which products to purchase, and it controlled which of its products downstream sellers could list and sell, including through the terms of its wholesale and dropshipping arrangements. SHEWIN could have declined to order, recalled, or delisted the Offending Products, but failed to exercise that right and ability.

55. SHEWIN received a direct financial benefit from that infringement, including revenue and profit from each sale of the Offending Products by SHEWIN and by its downstream sellers. The availability of fashionable prints such as the Subject Designs, obtained without paying Fiesta for them, drew customers to SHEWIN’s products and increased SHEWIN’s sales.

56. Defendants also have a direct financial interest in its suppliers’ conduct, including with respect to the Offending Products, because Defendants realize

increased profits through the proliferation and dissemination of the Offending Products through its retail business by disregarding the intellectual property rights of copyright holders such as Fiesta and saving money on licensing fees and costs with regard to the same.

57. Fiesta alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

58. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Fiesta has suffered general and special damages in an amount to be established at trial.

59. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Fiesta's rights in the Subject Designs. As such, Fiesta is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Fiesta's rights in the Subject Designs, in an amount to be established at trial.

60. On information and belief, Fiesta alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs, pursuant to 17 U.S.C. § 502;

b. That Defendants be ordered to deliver up for impoundment, and for destruction or other reasonable disposition, all Offending Products and all fabric, garments, images, and other materials bearing the Subject Designs in their possession, custody, or control, pursuant to 17 U.S.C. § 503;

c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

d. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

e. That Plaintiff be awarded its attorneys' fees pursuant to 17 U.S.C. § 505;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 29, 2026 By: _/s/ Andres Navarro_

Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff